CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED
August 16, 2024
LAURA A. AUSTIN, CLERK
BY /s/ Kendra Campbell
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:07CR00003-004 |
| v.                        ) | **OPINION AND ORDER** |
| ) | |
| **JOSE SANTIAGO,**         ) | Judge James P. Jones |
| ) | |
| Defendant.            ) | |

*Jason M. Scheff, Assistant United States Attorney, Roanoke, Virginia, for United States; Nancy Dickenson-Vicars, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Jose Santiago, the defendant, has filed a motion to reduce his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that if he had been sentenced today, he would not be classified as a career offender and would face a much lower advisory sentencing range. He also contends that he has been rehabilitated. For the following reasons, the defendant's motion will be denied.

I.

On March 25, 2008, I sentenced the defendant to 262 months' incarceration following his conviction by a jury of conspiracy to distribute heroin in violation of 21 U.S.C. §§ 846, 841(b)(1)(C), and 851 (Count One), and of conspiracy to provide and possess contraband (heroin) in a prison in violation of 18 U.S.C. §§ 1791(a), (b)(1), and 371 (Count Two). His sentence, which was at the low end of the career

offender sentencing range, consisted of 262 months on Count One and 60 months on Count Two, to run concurrently with each other, but consecutively to any prior state or federal sentence. Santiago was then serving a sentence imposed in 2002 by the United States District Court for the Southern District of New York of 840 months (70 years) for drug racketeering crimes.

Santiago contends, and the government concedes, that he would not be classified as a career offender if sentenced today pursuant to the decision in *United States v. Norman*, 935 F.3d 232 (4th Cir. 2019). However, the government argues that Santiago's sentence cannot be reduced because he has not begun serving it and, even if the sentence could be reduced, he has not presented an extraordinary and compelling basis for relief. The motion is ripe for decision.[1]

II.

Under 18 U.S.C. § 3582(c)(1)(A) a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." Santiago's request requires the court to consider whether there are extraordinary and compelling reasons that warrant a reduction in his sentence. In making that determination, the court may consider any circumstances or combination of

---

[1] Santiago filed his motion without the assistance of counsel and the court then appointed the Federal Public Defender to represent him. The Federal Public Defender has advised the court that no supplemental filing will be made.

circumstances of substantial gravity. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13(b)(5) (U.S. Sen'g Comm'n 2023). If the court finds extraordinary and compelling circumstances, it must consider whether a sentence reduction is appropriate after considering the applicable 18 U.S.C. 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

The defendant argues that his sentence "is grossly disproportionate to the sentence he would face today. Def.'s Mot. 2, ECF. No 583. He asserts that, were he sentenced for conspiracy to distribute under § 846 today, he would not be classified as a career offender and would face a advisory sentencing range of 30 to 37 months rather than 262 to 327 months. Notwithstanding Santiago's arguments, the threshold issue is whether his sentence is eligible for reduction under the current legal framework. For the following reasons, I conclude that it is not.

The Sentencing Commission's recently updated policy statement pertaining to sentencing reductions under § 3582(c)(1)(A) states that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG § 1B1.13(b)(6).

The defendant is still serving the 70-year sentence imposed by the Southern District of New York. Although the Bureau of Prisons administratively aggregates multiple terms of imprisonment ordered to run consecutively pursuant to 18 U.S.C. § 3584(c), the court's aggregation of consecutive sentences has been held not to constitute an "administrative purpose." *United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018); *United States v. Vaughn*, 806 F.3d 640, 644 (1st Cir. 2015) (holding that "[a]pplying § 3584(c) to [sentence reductions under § 3582(c)] would essentially rewrite the statute to extend aggregation to *all* purposes."); *United States v. Martin*, 974 F.3d 124, 137 (2d Cir. 2020) ("[W]here an inmate is imprisoned upon multiple sentences that are aggregated for administrative purposes, courts require specific modification authorization — either due to a change in the guidelines ranges for a sentence on a particular count of conviction, or because a statute authorizes the reduction of a sentence — for *each* term of imprisonment contained in an otherwise final judgment of conviction.").

Santiago has been imprisoned with the Bureau of Prisons for over 10 years as a result of his prior convictions but has yet to begin serving this court's sentence.

Because he has not "served at least ten years of the term of imprisonment," he is ineligible for a reduction. USSG § 1B1.13(b)(6).[2]

Even if I held that Santiago had shown an extraordinary and compelling circumstance, I would not reduce his sentence after consideration of the § 3553(a) factors. While the defendant's employment and recent efforts to obtain education are commendable, his history reflects a nearly unbroken chain of criminal activity that has escalated in severity. Since his adolescence, he has been in and out of prison and it does not appear that his incarcerations have had sufficient rehabilitative effects. Rather than using his 70-year sentence imposed in New York to reflect and reshape his conduct, he has smuggled and distributed drugs within the prison.

Accordingly, the sentence I imposed reflects the serious nature of the defendant's crime, serves to deter others from such conduct, and comports with the need for public safety. § 3553(a)(2)(A–D). Finally, his sentence was consistent with the applicable guidelines, reflecting "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." § 3553(a)(6).

---

[2] In its Historical Notes to § 1B1.13(b)(6), the Sentencing Commission specifically states that "the amendment limits the application of this provision to individuals who have served at least 10 years of the sentence the motion seeks to reduce."

Even if I determined to exercise my discretion to reduce the defendant's sentence, I would lack the power to release the defendant in light of his prior sentence from a different court. *Ybarra v. Kallis*, No. 21-CV-2062, 2021 WL 5235335, at *1 (D. Minn. Oct. 1, 2021) (holding that the court had "no authority to modify pursuant to § 3582(c) a sentence imposed in another venue).

Considering the foregoing, I find that the defendant is not qualified for such extraordinary relief.

III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 583, is DENIED.

ENTER: August 16, 2024

/s/  JAMES P. JONES
Senior United States District Judge